# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 07 2018, 9:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jeffrey Donald Dyson
Wabash, Indiana

ATTORNEYS FOR APPELLEE

Mark A. Frantz
Jordan L. Tandy
Wabash, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Jeffrey Dyson,

*Appellant-Respondent,*

v.

Wabash County Auditor,
Wabash County Treasurer, et al.[1]

*Appellees-Petitioners*

November 7, 2018

Court of Appeals Case No.
18A-TS-931

Appeal from the Wabash Circuit
Court

The Honorable Robert R.
McCallen III, Judge

Trial Court Cause No.
85C01-1708-TS-564

**Altice, Judge.**

---

[1] The Notice of Appeal wrongly includes as appellees several individuals who were not parties below. Ind. Appellate Rule 17(A) "limits the class of parties on appeal to parties of record in the trial court." *Treacy v. State*, 953 N.E.2d 634, 635-36 (Ind. Ct. App. 2011).

## Case Summary

[1] The Wabash County Auditor (the Auditor) and the Wabash County Treasurer (the Treasurer) initiated proceedings in the trial court to sell several tracts of real property owned by Jeffrey D. Dyson due to delinquent property taxes. Dyson filed a written objection to the tax sale. Following a hearing, which Dyson did not attend, the trial court entered its Order Overruling Objections and Defenses to Tax Sale (the Order). Dyson, pro se, appeals from the Order.

[2] We affirm.

## Facts & Procedural History

[3] On August 31, 2017, the Treasurer and the Auditor filed a Joint Application for Judgment and Order of Sale, along with a joint affidavit and a 2017 tax sale judgment listing of properties with delinquent uncollected taxes, special assessments, penalties, and costs. Included in this list were five properties owned by Dyson, with delinquency amounts totaling over $9000. That same day, the trial court issued a Judgment and Order of Sale, entering judgment against the listed tracts of real property in the amount of their delinquencies and ordering the properties sold at a tax sale. The advertised date of the tax sale was September 20, 2017.

[4] On or about September 5, 2017, Dyson filed with the trial court a self-styled "Verified Notice of Defense in Opposition to Tax Sale(s), and Amotion [sic] of

Possession" (the Notice of Defense),[2] which listed the following alleged defenses:

LACK OF PRIVATE VENUE

LACK OF VERIFIED SIGNED CLAIM

LACK OF STANDING

LACK OF PERSONAL JURISDICTION

LACK OF SUBJECT MATTER JURISDICTION

FAILURE TO STATE A CLAIM THAT RELIEF CAN BE GRANTED

LACK OF EXCLUSIVE JURISDICTION AS REQUIRD BY PATENT LAWS

*Appellant's Appendix Vol. 2* at 6.  In the Notice of Defense, Dyson set out thirty-six "lawful reasons not to sign a judgment for tax sale on [his] private land under United States patent numbers 91 & 137[.]"  *Id.* at 12.  The following is a representative sampling of his "reasons":

1. From the King James Bible written in Psalm 24 verse 1: "The earth is the LORD's and the fullness thereof, the world, and those who dwell therein";

2. The Revolution against England was because King George "erected a multitude of New Offices, and sent hither swarms

---

[2] The trial court noted a discrepancy regarding the date of filing.  The document had a handwritten received date of August 28, 2017, but the document was not presented to the court until September 5, 2017.  Regardless, the parties do not dispute that the Notice of Defense was timely filed.

of Officers to harass our people, and eat out their substance" (Declaration of Independence);

3. Federalist Papers #46: "Rights come from the LORD God, and not the State; that rights are antecedent to acts of legislation (Declaration of Independence);

**\*\*\*\***

7. The alleged authority to collect property taxes from I, man Jeffrey Donald Dyson, a declared natural person, non-resident alien, upon patent numbers 91 & 137, are contrary and prohibited by the treaty of International Covenant on Civil and Political rights and the U.S. reservations, declarations, and understandings of said Covenant, 138 Cong. Rec. S4781-01 (daily ed., April 2, 1992).

**\*\*\*\***

22. Only a genuine Article III United States Court has exclusive venue and jurisdiction to hear claim(s) against my land, protected by United States Patent Numbers 91 & 137 held in allodium, (see attached recorded land patents);

**\*\*\*\***

36. United State Constitution Amendment XIII, "Neither slavery nor involuntary servitude shall exist within the United States, or any place subject to their jurisdiction[.""]

*Id*. at 7, 8, 10, and 12. Dyson appended to the Notice of Defense an "Affidavit of Truth For Registration of Memorial Upon Birth Certificate Number 113-

1960-101193," *id*. at 14, a "Declaration to renounce and nullification of my Corporate US Citizenship, and my declaration of non-corporate franchise Indiana state citizenship," *id*. at 16-19, a "GRANTEE/ASSIGNEE'S NOTICE OF UPDATE OF LAND PATENT," *id*. at 30-37, and, among other things, an "AFFIDAVIT AND NOTICE OF REMOVAL OF PATENTED LAND FROM TAX ROLES,"[3] *id*. at 45-50.

[5] On September 6, 2017, the trial court entered an order in which the court observed that it could not hold a hearing within seven days of the advertised tax sale[4] due to court congestion. Accordingly, the court ordered the removal of Dyson's property from the list of tracts for sale at the upcoming tax sale. The court scheduled a hearing on Dyson's objections for January 9, 2018. The hearing was rescheduled twice and eventually held on March 29, 2018.

[6] On September 12, 2017, Dyson filed with the trial court a document titled, "Praecipe for judicial proceedings according to the course of the common law and trial by jury of my peers, with investigation". *Appellees' Appendix Vol. 2* at 25. The court noted in the CCS that Dyson's filing was not clear as to what relief, if any, was being requested. The court indicated that "all proceedings

---

[3] Dyson recorded this document with the Treasurer on March 28, 2016, notifying the Treasurer that two days prior (apparently through a deed with himself as both grantor and grantee) Dyson "acknowledged, took delivery, accepted, updated and recorded in public record by BLM Land Patent no. 137 and Land Patent no. 91 from the State of Indiana[.]" *Id*. at 45. Accordingly, Dyson requested that the Treasurer "lawfully remove the below described land from all tax roles [sic], as is provided by law." *Id*. He agreed to pay any taxes that remained due up to that date but indicated he would pay no further property taxes.

[4] Ind. Code § 6-1.1-24-4.7(b) requires that a hearing on written objections to a tax sale be heard not later than seven days before the advertised date of the sale.

herein shall be in accordance with the laws and trial rules of the State of Indiana, as required." *Appellant's Appendix Vol. 2* at 3. This same day, the trial court also issued an order governing future filings in the case, which required all pleadings and documents to be "in compliance with the statutes of the State of Indiana and the Indiana Trial Rules, as they exist on and after this date" and include only information relevant to the proceedings. *Id*. at 54. Further, the order required that requests for relief clearly state the Indiana trial rule or statute on which the request is made and that requests for relief "be for only such relief as may be lawfully had in the Wabash Circuit Court." *Id*. The trial court concluded its order by noting that violations "may be enforced by contempt if necessary" and that "any pleadings or documents not filed in accordance with this order shall be placed in a trash receptacle." *Id*.

[7] At the hearing on March 29, 2018, the trial court noted that Dyson had notice of the hearing but had chosen not to appear. The trial court took judicial notice of the August 31, 2017 filings and order related to the tax sale. The attorney for the Treasurer and the Auditor then presented brief argument to the court. Counsel argued that the Notice of Defense filed by Dyson did not comply with the requirements of I.C. § 6-1.1-24-4.7(b) and that it was difficult to decipher the asserted defenses. The trial court agreed and noted at the hearing that the court had been "generous by characterizing [the Notice] as an objection and supporting documentation." *Transcript Vol. 2* at 6. The court continued:

> I find nothing after reviewing [the Notice of Defense] that
> remotely addresses any reasonable ground for an objection, uh,

or frankly, is anything other than nonsense. Um, based on the history the Court's had with similar nonsensical pleadings, I think that, uh, it clearly warrants, uh, a finding of bad faith, frivolous, and, um, without any basis, in fact, to support that.

*Id.* Accordingly, the trial court entered judgment in favor of the Treasurer and the Auditor and ordered Dyson to pay their attorney fees in the amount of $600 for the frivolous fillings. The court asked counsel to prepare a proposed order, which was filed and signed that same day.[5]

On April 2, 2018, Dyson filed a Motion for Order to Certify Right of Subrogation. The motion, which is not contained in the record before us, was found by the trial court to be "nonsensical in nature" and noncompliant with the court's order of September 12, 2017. *Appellant's Appendix Vol. 2* at 4 (CCS entry). Accordingly, the trial court ordered that any further filings made on behalf of Dyson shall be filed in open court and in full compliance with the

---

[5] The Order, which Dyson appeals, provided in part:

The Court, having reviewed the Notice of Defense, and having heard the comments of counsel for the County, now finds as follows:

1. The Notice of Defense was not accompanied by an original or duplicate tax receipt or by any other documentation which could be considered as supporting in nature, as required by statute.

2. The allegations contained in the Notice of Defense are gibberish and fail to present any cogent argument or other basis for justifying relief.

3. Dyson failed to carry his burden of proof on any issue before the Court on the Notice of Defense.

4. The allegations contained in the Notice of Defense are frivolous, unreasonable, or groundless, and were filed in bad faith, therefore entitling the County to an award of attorney's fees in the amount of Six Hundred Dollars ($600.00).

*Appellant's Appendix Vol. 2* at 55.

September order. On three additional dates in April 2018, Dyson unsuccessfully attempted to file a document or pleading without complying with the trial court's orders. Dyson now appeals the Order, pro se.

**Discussion & Decision**

[9] We begin by observing that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). Further, "[t]here is no right to engage in abusive litigation, and the state has a legitimate interest in the preservation of valuable judicial and administrative resources." *Id*. at 264 ("Every resource that courts devote to an abusive litigant is a resource denied to other legitimate cases with good-faith litigants.").

[10] The trial court aptly identified Dyson's various filings as nonsensical and not based on applicable law. His lengthy appellate briefs similarly lack cogency and veer off on new topics not raised in the Notice of Defense. Dyson expressly presents four issues for appeal, which we attempt to decipher as follows: 1) whether he is a taxpayer as defined by Ind. Code § 6-5.5-1-17;[6] 2) whether his property is exempt from taxation pursuant to I.C. §§ 6-1.1-11-9(b)[7] and 6-1.1-2-

---

[6] This statute defines "taxpayer" exclusively within the context of the taxation of financial institutions. This definition has no applicability to this case.

[7] This statute is similarly inapplicable, as it addresses the exemption from assessments for public properties. I.C. § 6-1.1-11-9(b) provides: "No assessment shall be made of property *which is owned by the government of the United States, this state, an agency of this state, or a political subdivision of this state* if the property is used, and in the case of real property occupied, by the owner." (Emphasis supplied). It is undisputed that the real estate in question is owned by Dyson, a private individual.

7[8] and his alleged federal land patents; 3) whether the Auditor and the Treasurer failed to exhaust administrative remedies; and 4) whether the trial court lacked jurisdiction to hear the case. Dyson's summary of his appellate argument is representative of the clarity, or lack thereof, throughout his briefs:

> The facts of the laws herein are clear, when I Jeffrey Donald Dyson is not a tax payer defined under the law(s), and only a taxpayer's property is assessable, and my property is exempted by law, by patent, and the Auditor's and Treasurers [sic] failure to file a claim when advertised and complete the Administrative remedy required to collect a tax, and show the property was assessable, together with the Court's lack of venue, lack of standing, lack of personal jurisdiction & subject matter jurisdiction, as a matter of law mandates a reversal of the lower court's order.

*Appellant's Brief* at 8.

[11] In addition to his arguments generally lacking merit, sound reasoning, and citation to *relevant* authority, we observe that the precise issues presented by Dyson were not presented below. For example, a review of the Notice of Defense reveals that Dyson never directed the trial court to the Indiana statutes upon which he now relies (I.C. §§ 6-5.5-1-17, 6-1.1-11-9, and 6-1.1-2-7), he did not mention exhaustion of administrative remedies, and he asserted entirely

---

[8] This statute addresses exempt personal property, not real property.

different, though equally vague, jurisdictional arguments.[9] Accordingly, we find the issues waived. *See Zavodnik*, 17 N.E.3d at 266 (issue waived where appellant – an abusive litigant – failed to present argument below and another issue waived where he failed, on appeal, to present cogent argument and citation to relevant authority).

[12] Waiver notwithstanding, we observe that Dyson's objection to the application for judgment and order of sale was wholly improper. Dyson acknowledged that he owned and occupied the real property in question, which is all located in Wabash County, Indiana.[10] Moreover, Dyson did not dispute that the property taxes from the prior year's spring installment remained unpaid. His objection boiled down to the fact that he believed the property taxes were wrongfully assessed for various nebulous reasons. These issues should have been raised, if at all, in another forum,[11] but they were not proper objections here.

[13] The tax sale process is a purely statutory creation. *Stump v. St. Joseph Cty. Treasurer*, 33 N.E.3d 360, 363 (Ind. Ct. App. 2015). Indiana Code Chapter 6-1.1-24 governs the sale of real property when taxes become delinquent. "If a

---

[9] For instance, Dyson asserted in the Notice of Defense that "[o]nly a genuine Article III United States Court has exclusive venue and jurisdiction to hear claim(s) against my land". *Appellant's Appendix Vol. 2* at 10. On appeal, he asserts now that the Indiana tax court has exclusive jurisdiction.

[10] Except as otherwise provided by law, all tangible property (including real property) that is within Indiana on the assessment date of a year is subject to assessment and taxation for that year. *See* I.C. § 6-1.1-1-15 (defining "real property"); I.C. § 6-1.1-1-19 (defining "tangible property"); I.C. § 6-1.1-2-1 (property subject to tax in Indiana).

[11] Indiana Code Chapter 6-1.1-15 sets forth procedures for review and appeal of property tax assessments. There is no indication in the record that Dyson pursued this course to dispute the assessments of his property.

real estate owner fails to pay property taxes, the property may be sold to satisfy the outstanding tax obligation." *Stump*, 33 N.E.3d at 363.

[14] The statutory process begins with the county treasurer and auditor developing the list of real property with delinquencies and providing proper notices to the owners regarding the tax sale. Thereafter, the county treasurer and auditor "make application for judgment and order for sale" in a single cause of action "to any court of competent jurisdiction". I.C. § 6-1.1-24-4.6(b). Along with their joint application to the trial court, the county treasurer and auditor are required to file an affidavit attesting to the accuracy of the delinquency list as of that date. I.C. § 6-1.1-24-4.6(a).

[15] I.C. § 6-1.1-24-4.7 addresses the action in the trial court and provides in part:

> (a) No later than fifteen (15) days before the advertised date of the tax sale, the court shall examine the list of tracts and real property …. No later than three (3) days before the advertised date of the tax sale, the court shall enter judgment for those taxes, special assessments, penalties, and costs that appear to be due…. The affidavit provided under section 4.6 of this chapter is prima facie evidence of delinquency for purposes of proceedings under this section….
>
> (b) If written objections are timely filed, the court shall conduct a hearing on the written objections not later than seven (7) days before the advertised date of the tax sale. *At the hearing, the court shall hear any defense offered by any person interested in any of the tracts or items of real property to the entry of judgment against them, hear and determine the matter in a summary manner, without pleadings, and enter its judgment.* The court shall enter a judgment under this subsection not later than three (3) days before the advertised date of the tax sale. *The objection must be in writing, and no person may*

*offer any defense unless the writing specifying the objection is accompanied by an original or a duplicate tax receipt or other supporting documentation*....

(c) If judgment is entered in favor of the respondent under these proceedings or if judgment is not entered for any particular tract... because of an unresolved objection made under subsection (b), the court shall remove those tracts...from the list of tracts and real property provided under section 4.6 of this chapter.

****

(f) The court that enters judgment under this section shall retain exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale.

****

(Emphases supplied).

[16]    At the hearing, Dyson did not appear to present any of his defenses to the entry of judgment against him. Moreover, the written objection that he filed with the trial court was not accompanied by original or duplicate tax receipts (*i.e.*, evidence that he had paid the delinquencies) or other supporting documentation, as required by statute. Rather, the Notice of Defense asserted a laundry list of nonsensical defenses (or "reasons") and included documents irrelevant to the question of whether the inclusion of Dyson's property on the

delinquency list was in error. The trial court properly denied the objections and defenses raised in the Notice of Defense.[12]

[17] Judgment affirmed.

[18] Brown, J. and Tavitas, J., concur.

---

[12] To the extent Dyson challenges the imposition of attorney's fees, we conclude that the trial court did not abuse its discretion by awarding attorney's fees to Wabash County pursuant to Ind. Code § 34-52-1-1(b). The record supports the finding that Dyson's Notice of Defense was frivolous, unreasonable, or groundless, or filed in bad faith. *See Zavodnik*, 17 N.E.3d at 264 (I.C. § 34-52-1-1(b) is a tool for trial courts to use to "deal with abusive litigation practices").